**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4304
_____

ARTHUR L. HAIRSTON,
                                                          Appellant

v.

DIRECTOR BUREAU OF PRISONS; HARRELL WATTS;
WARDEN J. L. NORWOOD; WARDEN ALLENWOOD
LSCI; WARDEN FORT DIX FCI; DR. JAY MILLER; D.
SPOTTS, AHSA; PHYSICIANS ASST. REGINA HENRY ALI;
DR. A. LOPEZ; DR. S. SULAYMAN; DR. CHUNG; DR.
TURNER FOSTER; P.A. SANJANTIN; JOHN NASH; DR.
RONALD ROSS; UNKNOWN P.A. 1; UNKNOWN P.A. 2
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-11-cv-01379)
District Judge: Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2014

Before:  SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Filed: April 16, 2014)
_____

OPINION
_____


PER CURIAM

Appellant Arthur Hairston, Sr., a federal prisoner, appeals from an order of the District Court granting summary judgment to the defendants or dismissing his amended complaint.  For the reasons that follow, we will summarily affirm.

Hairston, a federal inmate, filed a Bivens[1] action in the United States District Court for the Middle District of Pennsylvania, seeking damages based on the alleged deliberate indifference of numerous prison officials to his medical needs relating to a long-standing injury to his back.  Hairston alleged that he had been denied the pain medication that he desires, Percocet, a narcotic analgesic, since 2001; that the defendants have failed to follow a private physician's recommended course of treatment, that is, prescriptions for Percocet and surgery; and that he has been denied treatment by a specialist.

Early in the litigation, Hairston filed a motion for a preliminary injunction, which the Magistrate Judge recommended denying.  The District Court overruled Hairston's objections to the Report and Recommendation and denied Hairston preliminary injunctive relief, reasoning that he had not established that he would be irreparably harmed or that he was likely to succeed on the merits of his claims.  Hairston appealed, 28 U.S.C. § 1292(a)(1), and we summarily affirmed after reviewing the record and discerning no error in the District Court's reasons for denying preliminary injunctive relief, see C.A. No. 13-4304.

The defendants moved for dismissal of the amended complaint or for summary judgment, and submitted numerous medical record exhibits and items summarizing

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

2

Hairston's long and complex medical history.[2]  After Hairston mounted a thorough defense to the defendants' motion, the Magistrate Judge recommended that the defendants' motion be granted.  In an order entered on October 18, 2013, the District Court overruled Hairston's objections, adopted the Report and Recommendation, and awarded summary judgment to the defendants or dismissed the amended complaint under Rule 12(b).

Hairston appeals.  Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.  Hairston has submitted argument in support of the appeal.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  We review a District Court's grant of summary judgment de novo.  Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007).  To establish deliberate indifference, see Estelle v. Gamble, 429 U.S. 97, 103 (1976), a prison official must both know of and disregard an excessive risk to the inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  To state a constitutional claim, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference.  See id.  Summary judgment is proper where the summary judgment record  "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(a).  A genuine issue of material fact is one that could change the outcome of the litigation.

---

[2] Hairston's prison medical records exceed 1100 pages, according to the defendants.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Hairston's Eighth Amendment claim of deliberate indifference rested on an allegation that the defendants – going back to 2001 when he was first incarcerated – should have treated his back pain with Percocet because that is how it was treated by his private physician before he went to prison. The Magistrate Judge thoroughly summarized the care that Hairston has received at three separate federal prisons since he was incarcerated in 2001. The facts are largely undisputed. Hairston has severe degenerative lumbar disc disease. He needs medication to manage his pain, and he needs physical therapy. He may someday need surgery, but only if the disease progresses. Prior to being incarcerated, he managed his pain to his satisfaction with Percocet, but prison medical staff have declined to give him Percocet. The ban on narcotic analgesics is not absolute: records shows that Hairston has received Tylenol with Codeine for brief periods of time when his pain is acute; but, as a general matter, his medical caretakers prefer to treat his back pain with non-narcotic pain medication and physical therapy. Hairston does not always cooperate with the prescribed treatments.

The summary judgment evidence reveals that Hairston has received medical care for his back condition that satisfies the Eighth Amendment. Among other things, prison medical staff have endeavored to relieve Hairston's back pain by frequently adjusting his medications; educating him on pain management and relaxation techniques; providing him with physical therapy and Range-of-Motion exercises; putting him on a weight

4

reduction plan; and giving him injections of Toradel, a nonsteroidal, anti-inflammatory drug, for his pain. Hairston has undergone x-rays and MRIs, and he has been seen regularly at the Chronic Care Clinic, which includes an orthopedic clinic. He was even referred to, and evaluated by, a neurosurgeon.

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1979). "Certainly, no claim is presented when a doctor disagrees with the professional judgment of another doctor. There may, for example, be several ways to treat an illness." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). No claim of deliberate indifference is made out where a significant level of care has been provided, and all that is shown is that the prisoner disagrees with the professional judgment of a physician, or that a different physician has in the past taken a different approach to the prisoner's treatment. In Hairston's case, there is a dispute over pain medication, and Hairston wants only a narcotic analgesic and is resistant to other ways to manage his pain. The defendants' treatment of Hairston reflects their professional medical judgment that long-term use of a narcotic analgesic is not appropriate for him and Hairston has provided no support for his contention that their approach (which they called conservative) amounts to deliberate indifference. Even if Hairston established for purposes of summary judgment that there are other acceptable ways to treat his pain, see White, 897 F.2d at 110, this still falls short of showing that the defendants here are disregarding an excessive risk to his health or safety. Farmer, 511 U.S. at 825. The District Court properly determined that there was

no genuine dispute as to any material fact and that the defendants were entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a).[3]

For the foregoing reasons, we will summarily affirm the order of the District Court granting summary judgment to the defendants or dismissing the amended complaint. Hairston's motion to exceed the page limit and to submit attachments with his argument in support of appeal is granted.

---

[3] Hairston actually sued numerous defendants. The District Court dismissed the Bureau of Prisons on the basis of the doctrine of sovereign immunity, and dismissed certain other New Jersey defendants for lack of personal jurisdiction. In addition, the District Court dismissed numerous defendants because they had no personal involvement in Hairston's medical care, and certain other defendants were dismissed because the claims against them either were untimely under the applicable statute of limitations or had not been administratively exhausted. We agree that dismissal of these defendants pursuant to Fed. R. Civ. Pro. 12(b) was proper.